

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00037-CV

**JAMES NICHOLS, MELISSA NICHOLS,
MARTHA MOORE, AND EDWARD NICHOLS,
INDIVIDUALLY AND AS HEIRS OF THE
ESTATE OF MELODY NICHOLS,**

                                                      **Appellants**

 **v.**

**STEVE MCKINNEY,**

                                                      **Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 89372**

## O R D E R

We ordered the parties to mediation on May 23, 2018. Mediation was to take place within 30 days from the date of the order. This was the second time the parties were ordered to mediation by this Court. The second referral to mediation occurred after the Court issued an opinion. The Court had affirmed in part and reversed in part the trial court's judgment. One party has already filed a petition for review, and the other party has filed a motion for rehearing.

In response to this second referral to mediation, the parties filed a timely joint objection to mediation contending (a) the parties did not believe a second mediation would be fruitful; (b) the parties would incur substantial cost because the appointed mediator is in Houston while the parties and their attorneys are in the Dallas area; and (c) a second mediation would result in unnecessary delay. We stayed the mediation order pending further order of the Court.

We now lift the stay, sustain the parties' objection in part as to (b) only, overrule the objection as to (a) and (c), withdraw the order of referral to mediation issued on May 23, 2018, and substitute the following order in its place.

### ORDER OF REFERRAL TO MEDIATION

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2011). The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002 (West 2011). Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation. *See id.* § 154.021(a) (West 2011); 10TH TEX. APP. (WACO) LOC. R. 9.

The Court assigns Linda B. Thomas as the mediator. She can be contacted at the

following address, telephone phone number, or email:

> Linda B. Thomas
> c/o JAMS
> 8401 N. Central Expressway, Suite 610
> Dallas, TX 75225
> (214) 891-4520 or
> (214) 744-5267
> blangs@jamsadr.com (case manager)

Mediation must occur within thirty days after the date of this Order.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the entire mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer this appeal to mediation.

The appeal and all appellate deadlines are suspended as of the date of this Order. The suspension of the appeal is automatically lifted when the mediator's report to the Court is received. If the matter is not resolved at mediation, any deadline that began to run and had not expired by the date of this Order will begin anew as of the date the mediator's report to the Court is received. Any document filed by a party after the date of this Order and prior to the filing of the mediator's report will be deemed filed on the same day, but after, the mediator's report is received.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Judge Towslee Corbett[1]
Objection sustained in part and overruled in in part
Appeal referred to mediation
Order issued and filed July 18, 2018



---

[1] The Honorable Reva Towslee Corbett, Judge of the 335th District Court of Bastrop, Burleson, Lee, and Washington Counties, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2013).